UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VIRGINIA PLUTA | * | CIVIL ACTION NO: |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| STATE FARM FIRE AND CASUALTY COMPANY | * | MAGISTRATE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **NOTICE OF REMOVAL**

**NOW INTO COURT,** through undersigned counsel, comes defendant**,** State Farm Fire and Casualty Company ("State Farm"), pursuant to 28 U.S.C. §§ 1441 and 1446, notices the removal of this action bearing case number 2022-10026-F-14 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is properly before citizens of different states. The grounds for removal are as follows:

1.

Defendant State Farm was served with the Petition for Damages in this matter on December 1, 2022.

2.

According to the Petition for Damages, Plaintiff, Virginia Pluta, is a Louisiana resident domiciled in Orleans Parish[1].

---

[1] *See* Exhibit A, Petition for Damages ¶¶1

3.

Defendant, State Farm Fire and Casualty Company, is a foreign corporation, incorporated under the laws of the State of Illinois, and having its principal place of business in Bloomington, Illinois.

4.

Plaintiffs' Petition for Damages alleges a breach of contract claim against State Farm Fire and Casualty Company for failing to perform under the policy. [2]

5.

Plaintiff's Petition for Damages also alleges a claim against State Farm Fire and Casualty Company for bad faith insurance claim handling because State Farm "denied, in bad faith, coverage for all or part of the Plaintiff's damages, and has, in bad faith, inexplicably delayed the issuance of payments to Plaintiff."[3]

6.

In connection with her breach of contract and bad faith claims, Plaintiff asserts she has incurred damages as follows:

    a.    Costs of repairing the Plaintiff's home;

    b.    General damages;

    c.    Bad faith damages under La. R.S. 22:1892;

    d.    Bad faith damages under La. R.S. 22:1973;

    e.    Bad faith damages under Civil Code Article 1998;

    f.    Nonpecuniary damages under Civil Code Article 1998;

    g.    Moratory damages under Civil Code Article 2000;

---

[2] *See* Exhibit A, at Petition for Damages ¶¶13-17
[3] See Exhibit A, at Petition for Damages ¶¶19

      h.      Attorney's fees;

      i.      Court Costs;

      j.      Expert and Consultant fees; and

      k.      Other damages to be amended, presented in the Pretrial Order, and/or proven at trial of this matter[4]

7.

While Plaintiff's petition alleges the above damages, the amount in controversy is not determinable on the face of the petition.

8.

State Farm's most recent estimate for Plaintiff's Hurricane Zeta claim, dated July 30, 2021, found $1,702.51 in damages to Plaintiff's dwelling. Likewise, State Farm's most recent estimate for Plaintiff's Hurricane Ida claim, dated April 18, 2022, found $13,165.02 in damages sustained to Plaintiff's dwelling.[5] When combined, these estimates total $14,867.53 in damages.

9.

On March 7, 2023, Plaintiff's counsel submitted two new estimates from Public Adjuster On Point Estimating & Appraisal (hereinafter "On Point").[6] On Point's Hurricane Zeta estimate alleges damages totaling $73,812.59. Likewise, On Point's Hurricane Ida estimate alleges damages totaling $43,168.62. When combined, these estimates total $116,981.21.[7]

10.

When taking into account the contractual difference of $102,114.45, Plaintiffs' demand for penalties under La. R.S. 22:1892 and 22:1973, and Plaintiffs' demand of attorney's fees, Defendant avers that Plaintiffs' claim exceeds the $75,000.

---

[4] *See* Exhibit A, at Petition for Damages ¶¶ 22
[5] See Exhibit B, at State Farm Estimates . 3; 23
[6] *See* Exhibit C – Email from Plaintiff with attachments.
[7] *See* Exhibit D – at p. 18; 28

Case 2:23-cv-00958-SM-DPC    Document 1    Filed 03/17/23    Page 4 of 7

11.

According to 28 U.S. Code § 1332, "District courts have original jurisdiction of all civil actions where the matter in controversy exceed the sum of $75,000, exclusive of interest and costs, and is between citizens of different States."

12.

28 U.S.C. § 1446(b) establishes the general requirements for removal of a State matter to Federal court. In *Chapman v. Powermatic, Inc*, 969 F.2d 160 (5th Cir. 1992), the 5th Circuit established that Section 1446(b), in pertinent part, provides:

> [a] notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable....

13.

The Fifth Circuit's interpretation of the entirety of Section 1446(b) established a two-part test for determining the timeliness of a defendant's removal. This test was explained as follows: "The first paragraph provides that if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant; and the second paragraph provides, if the case stated by the initial pleading is not removable, then notice of removal must be filed within thirty days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable."

14.

Moreover, the rules specific to removal based on Diversity of Citizenship are laid out in 28 U.S. Code § 1446(c). Section (c) provides that "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."

15.

However, Section (c)(3)(A) of 28 U.S. Code § 1446 clarifies that "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3)."

16.

In *Chapman*, the 5th Circuit adopted a bright line rule regarding the thirty-day limit to remove a matter. This rule establishes that "the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Id. at 163*.

17.

Therefore, if it is not apparent on the face of the petition that the amount in controversy exceeds the minimum jurisdictional requirement set out in 28 U.S. Code § 1332, the thirty-day timeline to remove a matter to Federal District Court does not begin to run until a party receives an "other paper" indicating the case is removable.

18.

Furthermore, the 5th Circuit in *Chapman* determined that "[t]he plain language of the second paragraph of § 1446(b) requires that if an "other paper" is to start the thirty-day time period, a defendant must receive the "other paper" after receiving the initial pleading.

19.

While Defendant admits no liability nor any element of damages, under the rules of Chapman, State Farm has met its burden of showing by a preponderance of evidence that its removal of this matter is timely, as State Farm did not receive an "other paper" indicating the amount in controversy exceeded the jurisdictional threshold until March 7, 2023.

20.

Concurrent with the filing of this Notice of Removal, written notice is being given to all adverse parties and a copy of this Notice of Removal is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

WHEREFORE, Defendant State Farm Fire and Casualty Co., hereby gives notice that the proceeding bearing number 2022-10026-F-14 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, has been removed to the docket of this Court for trial and determination as provided by law. Removing Defendant prays that this Court enter such order and issue such process as may be proper to bring before it a copy of all records and proceedings in the State Court case, and there upon proceed with the civil action as if it had originally commenced in this Court.

Respectfully submitted;

*/s/Patrick D. DeRouen*
**PATRICK D. DeROUEN (#20535)**
**CHAD J. PRIMEAUX (#30024)**
**CHRISTOPHER M. GENSLER (#39008)**
DeROUEN LAW FIRM
650 POYDRAS STREET, SUITE 1913
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: 504-274-3660
FACSIMILE: 504-274-3664
Email: pderouen@derouenlaw.com
        cprimeaux@derouenlaw.com
        cgensler@derouenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2023, a copy of the above and foregoing was served on all counsel of record by the electronic filing system/ECF.

*/s/Patrick D. DeRouen*
**PATRICK D. DEROUEN, ESQUIRE**